# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN CHARLES COLEMAN, JR., | No. 3:14-cv-00337-RCJ-VPC |
| *Petitioner*, | |
| vs. | ORDER |
| ROBERT LEGRAND, *et al.*, | |
| *Respondents.* | |

This habeas action by a Nevada state inmate comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and motion (#1-2) for appointment of counsel, as well as for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The pauper application will be granted as the financial documents do not reflect a current ability to pay the filing fee reasonably promptly.

The Court finds that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) the sentence of life with the possibility of parole after ten years on one of the charges; (b) the number and complexity of the potential procedural and substantive issues; (c) the affidavit attached with the motion by an inmate law clerk attesting that petitioner is unable to read or write; and (d) the possibility that petitioner may have time remaining within the federal limitation period for federal habeas counsel to assert claims without relation back concerns prior to seeking other relief herein, subject to the reservation made herein that the Court makes no conclusive determination regarding the limitation period.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition[1] and the accompanying motion for appointment of counsel, noting the disposition herein of the motion.

IT FURTHER IS ORDERED that the motion (#1-2) for appointment of counsel is GRANTED as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline initially for approximately sixty (60) days from entry of the formal order of appointment, subject then to the represented petitioner's ability to seek such extension as petitioner believes to be advisable.[2] Any deadline established and/or any extension thereof will not signify any implied finding by the Court of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments

---

[1]The filing of the petition does not signify that the petition is free of deficiencies. *Inter alia*, a petitioner must use the petition form to set forth his claims rather than essentially as a cover document for an otherwise entirely handwritten petition.

[2]Nothing herein precludes petitioner from following a "two-step" procedure of filing a first amended petition within the limitation period with claims known at that time while seeking leave to file a second amended petition by a date certain to allow full completion of federal habeas counsel's investigation of the matter. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, #29 (D. Nev. May 29, 2014) (expressly approving and explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation).

thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

    IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this Court.

    IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all state court record and related exhibits that are filed to, for this case, the **Reno Clerk's Office**.

    The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED:  July 15, 2014

_____
ROBERT C. JONES
United States District Judge