# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MELVIN CHARLES COLEMAN, JR.,

    Petitioner,

vs.

ROBERT LEGRAND, *et al.*,

    Respondents.

Case No. 3:14-cv-00337-RCJ-VPC

**ORDER**

    Petitioner, through counsel, has filed his second amended petition (#18). Good cause appearing, petitioner's motion for leave to file juvenile records under seal (#19) is granted.

    **IT THEREFORE IS ORDERED** that respondents shall file a response to the second amended petition, including potentially by motion to dismiss, within **ninety (90) days** of the date of this order, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

    **IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that

consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

**IT FURTHER IS ORDERED** that petitioner's second motion to extend time (ECF #16) is **GRANTED** *nunc pro tunc*.

**IT FURTHER IS ORDERED** that petitioner's motion for leave to file juvenile records under seal (ECF #19) is **GRANTED**.

DATED: This 11th day of February, 2015

_____
UNITED STATES DISTRICT JUDGE